UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO BRAVATA,

    Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

    Garnishee.
_____/

Case No. 14-50375
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT'S OBJECTION TO WRIT
<u>OF GARNISHMENT AND REQUEST FOR HEARING [4]</u>**

## I. INTRODUCTION

Defendant Antonio Bravata ("Bravata"), a federal inmate, objects to and requests a hearing on an application for writ of continuing garnishment obtained by Plaintiff United States of America (the "United States") for his State of Michigan tax refunds. [4]. The United States served the writ to collect restitution Bravata owes pursuant to a criminal judgment against him. [1]. The Honorable Paul D. Borman referred the matter to this Court

for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). [7]. For the reasons discussed below, the Court **RECOMMENDS** that Bravata's request for a hearing and his objections to the writ of garnishment [4] be **DENIED**.

## II.   BACKGROUND

On September 26, 2013, the Court sentenced Bravata to sixty months in prison and three years of supervised release after a jury convicted him of conspiracy to commit wire fraud (18 U.S.C. §§ 1349, 1343). *United States v. Antonio Bravata*, Case No. 11-20314-3, Dkt. # 291. After the United States filed a memorandum regarding restitution under the Mandatory Victims Restitution Act (MVRA)[1], the Court ordered Bravata and his co-defendants to jointly and severally make restitution in the amount of $7,000,000. *Id.* at Dkt. ## 286 & 333. As of April 22, 2014, no restitution had been paid, and Bravata still owed $75 of a $100 special assessment against him. [*See* 6, Pg ID 25].

On March 25, 2014, the United States sought and obtained a writ of continuing garnishment for Bravata's State of Michigan tax refunds. [1, 3]. In response, Bravata filed a "Request for Hearing About the Garnishment and a Claim for Exemptions." [4]. The United States responded that

---

[1] 18 U.S.C. § 3663A

2

Bravata claim for exemption is without merit and that his request for hearing should be denied. The Court agrees.

## III.   ANALYSIS

The United States may enforce an order of restitution under the MVRA in the manner set forth under 18 U.S.C. 3613[2] or by all available means. 18 U.S.C. § 3664(m)(1)(A). Thus, the United States may satisfy a judgment by issuing "a writ of garnishment against property … in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." 28 U.S.C. § 3205. The United States may garnish all property except that which is exempt from a levy for the payment of federal income taxes. § 3613(a)(1); 26 U.S.C. § 6334. *See also United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

A debtor may request a hearing regarding a garnishment, but the issues at the hearing are limited to the validity of a claim of exemption and

---

[2] Section 3613 empowers the United States to enforce an order of restitution using every tool allowed for enforcement of civil judgments under federal or state law. 18 U.S.C. § 3613(a) and (f).

3

the government's compliance with statutory requirements.  28 U.S.C. § 3202(d).  "Although [§ 3202(d)] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where … the objection is plainly without merit, or where the objection was simply a matter of statutory exemption."  *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases).  A debtor who contests a writ of garnishment bears the burden of showing that an exemption applies.  *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Bravata's claims of exemption are plainly without merit.  Although the United State seeks to garnish Bravata's state income tax refund, he claims that the property at issue is exempt because it is "wearing apparel and school books," "fuel, provisions, furniture, and personal effects," "books and tools of a trade, business, or profession," "undelivered mail," or "wages, salary and other income."  [4, Pg ID 20-21].  A state income tax return is none of these things, and Bravata's objections do not warrant a hearing.

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Bravata's Request for Hearing and his objections to the Application for Writ of Garnishment [4] be **DENIED**.

4

Dated: March 6, 2015                s/Elizabeth A. Stafford
                                                                  ELIZABETH A. STAFFORD
                                                                   United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2015.

                                      s/Marlena Williams  
                                      MARLENA WILLIAMS  
                                      Case Manager